FILED

NOV 1 9 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

United States of America ex rel. )
   RAMON HAMILTON, )
   Reg. No.#K-52246 )
      Petitioner, )
)
)
)
)
-vs- )
JOE LOFTUS )
)
)
)
)
)
Respondent. )
)

07CV6539
JUDGE GOTTSCHALL
MAGISTRATE JUDGE MASON

Case Number of State Court Conviction:
94 CR 25761

### MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS

Now comes, RAMON HAMILTON - Pro se Petitioner, by and through himself, and submits this Memorandum of Law in Support of Petitioner's Petition for Writ of Habeas Corpus.

In support thereof, Petitioner states as follows:

### ARGUMENT

THE DISTRICT COURT SHOULD RELIEVE THE PETITIONER OF HIS OBLIGATION TO EXHAUST HIS STATE REMEDIES BECAUSE THERE HAS BEEN AN UNJUSTIFIED AND INORDINATE DELAY IN ADDRESSING AND RULING ON THE CLAIMS IN PETITIONER'S PETITION FOR POST-CONVICTION RELIEF, WHICH HAS MADE THE STATE POST-CONVICTION PROCESS INEFFECTIVE.

A district court typically may not provide habeas relief unless the petitioner has exhausted his available remedies in State courts, 28 U.S.C. § 2254(b), and any petition containing unexhausted claims must be dismissed or stayed. See, e.g., **Rhines v. Weber**, 544 U.S. 269, 125 S.Ct. 1528, 1535, 161 L.Ed.2d 440 (2005).

1.

Exhaustion is not required, however, when the State does not make a corrective process available, or when the available process is ineffective to protect a petitioner's rights. 28 U.S.C. § 2254(b); Sceifers v. Trigg, 46 F.3d 701, 703(7th Cir. 1995).

In the case at bar, on August 6, 2000, the appellate court reversed the summary dismissal of petitioner's motion for post-conviction releif and remanded with instructions for the circuit court to appoint counsel and for further proceedings. However, petitioner's motion for post-conviction relief (725 ILCS 5/122-1 et seq. (West 1998) has been pending without a hearing or a ruling being made on it for seven years, which has been made possible by the willingness of the circuit court of Cook County to disregard the mandate that was issued by the appellate court, thereby, causing an undue or inordinate delay, which has made the State post-conviction process ineffective to protect petitioner's rights.

A sufficientlyyundue or inordinate delay in the State proceedings may make the available State remedies ineffective. See id.; Jenkins v. Gramley, 8 F.3d 505, 508 (7th Cir. 1993).

Case lae reflects that there is no bright line as to what constitutes undue or inordinate delay, but "courts have found periods of delay sufficient to conclude that the State process was ineffective". Jules v. Beto, 462 F.2d 1365, 1366-67 (5th Cir. 1972) (remanding for district court to excuse exhaustion

2.

and address the merits if seventeen-month delay in State trial court ruling on motion for post-conviction relief could not be justified); **Seemiller v. Wyrick**, 663 F.2d 805, 807-08 (8th Cir. 1981) (remanding for district court to excuse exhaustion and address claims if State court had not ruled within sixty-days on motion for post-conviction relief that had been pending for two-years); **Wojtczak v. Fulcomer**, 800 F.2d 353, 355-56 (3rd Cir. 1986) (excusing exhaustion because motion for post-conviction relief had been pending for more than two and one-half years); **Moore v. Deputy Comm'rs of SCI-Huntingdon**, 946 F.2d 236, 242 (3rd Cir. 1991) (excusing exhaustion because petition for post-conviction relief had been pending for three years); **Lowe v. Duckworth**, 663 F.2d 42 (7th Cir. 1981), citing **Dozie v. Cady**, 430 F.2d 637 (7th Cir. 1970) (held that "where State court delay is inordinate, the district court must hold a hearing to determine whether the dealy is justifiable. If it is not justifiable, the court must hear the habeas petition on its merits").

Based upon a review of the caselaw in this and other circuits, this Court can conclude that a delay in adjudicating petitioner's motion for post-conviction relief beyond two years gives rise to the presumption that the State process is ineffective.

The appellate public defender failed for seven (7) years to ascertain whether the mandate of the appellate court was properly processed by the Cook County circuit court Clerk so petitioner's case could move foward in a timely fashion.

3.

One aspect of the duty to assist the administration of justice requires lawyers engaged in litigation to aid the court in "the expeditious consideration and disposal of cases". People v. Buckley, 164 Ill.App.3d 407, 413 517 N.E.2d 1114 (1987).

On the other hand, the Cook County circuit court Clerk allowed a mandate of the appellate court to lay dormant for a period of seven (7) years. As a consequence of the appellate public defender and circuit court clerk's actions, the circuit court has been and continues to be prevented from addressing petitioner's case in a timely fashion. It would not, under those circumstances, be accurate to attribute the delay to this indigent petitioner. Instead, the record suggests that this is a delay forced upon a unwilling petitioner by reason of his indigency.

"Failures of court appointed counsel and delays by the court are attributable to the State". Coe v. Thurman, 922 F.2d 528, 531 (9th Cir. 1990); Baker v. Wingo, 407 U.S. 514, 531, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972) ("The ultimate responsibility [for overcrwoded courts] must rest with the government rather than with the defendant").

Thus, many courts have recognized that "a State convict is relieved of his obligation to exhaust his State remedies whenever there has been excessive and unjustified delay in the disposition of his State direct or post-conviction remedy proceeding". D. Wil-

4.

kes, Federal and State Post-Conviction Remedies and Relief §§ 8-19, at 186 (1987). See Coe v. Thurman, 922 F.2d 528, 531 (9th Cir. 1990); Elcock v. Henderson, 902 F.2d 219, 220 (2nd Cir. 1990); Burkett v. Cunningham, 826 F.2d 1208, 1221 (3rd Cir. 1987); Okot v. Callahan, 788 F.2d 631, 633 (9th Cir. 1986); Cook V. Florida Parole and Probation Comm'n, 749 F.2d 678, 680 (11th Cir. 1985); Pool v. Wyrick, 703 F.2d 1064, 1066 (8th Cir. 1983); Shelton v. Heard, 696 F.2d 1127, 1128-29 (5th Cir. 1983); Dozie V. Cady, 430 F.2d 637 (7th Cir. 1970); Lowe v. Duckworth, 663 F.2d 42 (7th Cir. 1981).

While concepts of comity and federalism often require a Federal court to await judicial determinations, there comes a point when delay in a State proceeding becomes so geat that it outweighs concerns of comity and federalism.

**In Conclusion,** Petitioner respectfully request that this Honorable Court hold a hearing to determine whether the seven (7) year delay in adjudicating petitioner's motion for post-conviction relief is justifiable, but, if it is not justifiable, petitioner respectfully request that this Court hear the habeas petition on its merits.

### A R G U M E N T

PETITIONER'S FOURTEENTH AMENDMENT CONSTITUTIONAL
RIGHT TO DUE PROCESS AND FUNDAMENTAL FAIRNESS WAS
VIOLATED BECAUSE THE STATE BREACHED THE PLEA AGREE-
MENT WHICH INDUCED PETITIONER'S GUILTY PLEA.

It is well-settled that the government must fulfill any promises it makes in exchange for a defendant's guilty plea. **Santobello**

5.

v. **New York**, 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); **United States v. Matchoparow**, 259 F.3d 847, 851 (7th Cir. 2001). A substantial breach is required before the government is considered in breach of its plea agreement. **United States v. Hauptman**, 111 F.3d 48, 51-52 (7th Cir. 1997). In the absence of a finding of substantial breach on the part of the defendant, the government must fulfill its obligations under the agreement. **United States v. Atays**, 864 F.2d 1324, 1330 (7th Cir. 1988).

In the case at bar, Petitioner contends that the State was bound, under the terms of petitioner's plea agreement, to move for a specific sentence in exchange for a plea of guilty and the circuit court erred by not enforcing the agreement.

At the change of plea hearing, the court admonished the petitioner of the nature of the charges, the minimum and maximum prison terms, and that he waived his rights to a jury trial and to confront witnesses, but the court never told petitioner that he faced a period of mandatory supervised release **(R.B4 to B15)**, which would be added to the sentence petitioner had agreed to.

The United States Court of Appeals for the Seventh Circuit in the cases of **United States ex rel. Baker v. Finkbeiner**, 551 F.2d 180 (7th Cir. 1977), and **United States ex rel. Ferris v. Finkbeiner**, 551 F.2d 185 (7th Cir. 1977), considered whether a defendant's due process rights are violated by a trial court's failure to admonish a defendant that a mandatory supervised re-

6.

lease term would be added to the term of incarceration.

In **Baker** and **Ferris**, the defendants, like the petitioner in the case at bar, entered pleas of guilty in exchange for the promise of a specific sentence and were not informed by the court, prior to the court's acceptance of their plea, that a statutorily required mandatory period of parole would be attached to the prison sentence. Having been denied relief in State court, the defendants sought writs of habeas corpus.

The **Baker** court ruled that the defendants due process rights had been violated, holding:

> "The correct test to be used in determining whether the circumstances surrounding Baker's negotiated guilty plea violated the Due Process Clause is thatt the plea must withstand collateral attack,unless the sentence actually imposed upon Baker significantly differed from the sentence which the prosecutor and the trial court promised him". **Baker**, 551 F.2d at 183.

Citing **Santobello v. New York**, 404 U.S. 257, 261-63, 92 S.Ct. 495, 498-99, 30 L.Ed.2d 427, 432-33 (1971) the **Baker** court held that the addition of the mandatory parole term made defendant's sentence "more onerous" than what he had been promised and, as a result, he did not receive the benefit of the bargain he had made with the State.

The **Baker** court concluded that, because the defendant had entered his plea in exchange for a specific sentence, the failure of the prosecutor and the trial court to advise Baker of the mandatory parole term "created a defect of constitutional dimension in his guilty plea" in that the guilty plea was "unfairly

7.

induced in violation of the Due Process Clause". **Baker**, 551 F.2d at 181, 184.

In **Ferris**, the court relied on its decision in **Baker** and concluded that Ferris, too, had been "substantially prejudiced by the additional parole term, and that due process notions of fundamental fairness required that he receive the benefit of the bargain he had struck.

As in **Baker** and **Ferris**, adding the statutorily required mandatory supervised release term to petitioner's negotiated thirty-eight (38) year sentence amounts to a unilateral modification and breach of the plea agreement by the State, inconsistent with constitutional concerns of fundamental fairness and due process.

Accordingly, it would be fundamental unfair and a violation of Due Process for petitioner's sentence to stand uncorrected.

Notwithstanding, the fact, that Petitioner concedes that a term of supervised release is mandated by statute and legally cannot be struck from his sentence. See 730 ILCS 5/5-8-1(d)(1) (West 1998) (every sentence shall include as though written therein a term in addition to the term of imprisonment).

However, if this Court finds that Petitioner's constitutional rights were substantially violated, the United States Supreme Court in **Santobello** provided for two possible remedies when a defendant does not receive the "benefit of the bargain": either the "promise must be fulfilled" or defendant must be given the

8.

opportunity to withdraw his plea. Santobello, 404 U.S. at 262-63, 92 S.Ct. at 499, 30 L.Ed.2d at 433.

In Conclusion, Petitioner respectfully request that this Honorable Court Order the circuit court of Cook County to modify petitioner's sentence to thirty-five (35) years imprisonment plus three (3) years of mandatory supervised release to approximate the bargin that was struck between Petitioner and the State. Signed and executed on this __8TH__ day of __November__ 2007.

Respectfully Submitted,

_Ramon Hamilton_
RAMON HAMILTON
Reg. No.#K52246
Danville Corr. Cen.
3820 E. Main Street
Danville, IL. 61834

ATTN: See "CERTIFED STATEMENT OF
CONVICTION/DISPOSITION" which
is attached hereto!

9.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS                Page 001

PEOPLE OF THE STATE OF ILLINOIS

                VS                  NUMBER 94CR2576102

RAMON        HAMILTON

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

  I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION with the Clerk of the Circuit Court.

Charging the above named defendant with:

```
720-5/9-1(A)(1)                F     MURDER/INTENT TO KILL/INJ
720-5/9-1(A)(2)                F     MURDER/STRONG PROB KILL/I
720-5/9-1(A)(3)                F     MURDER/OTHER FORCIBLE FEL
720-5/18-2(A)                  F     (ATT)ARMED ROBBERY
720-5/18-2(A)                  F     (ATT)ARMED ROBBERY
```

The following disposition(s) was/were rendered before the Honorable Judge(s):

```
10/25/94 IND/INFO-CLK OFFICE-PRES JUDGE          11/09/94 1701
    94CR2576102 ID# CR100691330
11/09/94 CASE ASSIGNED                           11/09/94 1731
    BASTONE, ROBERT P.
11/09/94 DEFENDANT IN CUSTODY
    HIMEL, RONALD A.
11/09/94 PRISONER DATA SHEET TO ISSUE
    HIMEL, RONALD A.
11/09/94 TRANSFER INSTANTER                      11/09/94 1718
    HIMEL, RONALD A.
11/09/94 MOTION TO SUBSTITUTE JUDGE                     S      1
    BASTONE, ROBERT P.
11/09/94 CASE ASSIGNED                           11/09/94 1718
    BASTONE, ROBERT P.
11/09/94 DEFENDANT IN CUSTODY
    PORTER DENNIS J
11/09/94 PRISONER DATA SHEET TO ISSUE
    PORTER DENNIS J
11/09/94 PUBLIC DEFENDER APPOINTED
    PORTER DENNIS J
11/09/94 DEFENDANT ARRAIGNED
    PORTER DENNIS J
11/09/94 PLEA OF NOT GUILTY
    PORTER DENNIS J
11/09/94 ADMONISH AS TO TRIAL IN ABSENT
    PORTER DENNIS J
```

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS          Page 002

PEOPLE OF THE STATE OF ILLINOIS

                VS                NUMBER 94CR2576102

RAMON          HAMILTON

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
```
11/09/94 CONTINUANCE BY AGREEMENT           12/07/94
      PORTER DENNIS J
12/07/94 DEFENDANT IN CUSTODY
      PORTER DENNIS J
12/07/94 PRISONER DATA SHEET TO ISSUE
      PORTER DENNIS J
12/07/94 CONTINUANCE BY AGREEMENT           01/12/95
      PORTER DENNIS J
12/28/94 MOTION TO ADVANCE                            E        2
12/28/94 NOTICE OF MOTION/FILING            01/09/95 1718
01/09/95 CASE ADVANCED                      01/09/95 1718
      PORTER DENNIS J
01/09/95 DEFENDANT IN CUSTODY
      PORTER DENNIS J
01/09/95 PRISONER DATA SHEET TO ISSUE
      PORTER DENNIS J
01/09/95 CONTINUANCE BY AGREEMENT           02/08/95
      PORTER DENNIS J
02/08/95 DEFENDANT IN CUSTODY
      SIMMONS,HENRY R. JR
02/08/95 PRISONER DATA SHEET TO ISSUE
      SIMMONS,HENRY R. JR
02/08/95 CONTINUANCE BY AGREEMENT           02/28/95
      SIMMONS,HENRY R. JR
02/28/95 DEFENDANT IN CUSTODY
      BERKOS, CHRISTY S.
02/28/95 PRISONER DATA SHEET TO ISSUE
      BERKOS, CHRISTY S.
02/28/95 CONTINUANCE BY AGREEMENT           03/24/95
      BERKOS, CHRISTY S.
03/24/95 DEFENDANT IN CUSTODY
      SIMMONS,HENRY R. JR
03/24/95 PRISONER DATA SHEET TO ISSUE
      SIMMONS,HENRY R. JR
03/24/95 CONTINUANCE BY AGREEMENT           04/18/95
      SIMMONS,HENRY R. JR
04/18/95 DEFENDANT IN CUSTODY
      SIMMONS,HENRY R. JR
```

```
         IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS           Page 003

     PEOPLE OF THE STATE OF ILLINOIS

                     VS                  NUMBER 94CR2576102

     RAMON        HAMILTON

              CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

    I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
 and keeper of the records and seal thereof do hereby certify that the
 electronic records of the Circuit Court of Cook County show that:

 The States Attorney of Cook County filed an INDICTMENT/INFORMATION
 04/18/95 PRISONER DATA SHEET TO ISSUE
         SIMMONS,HENRY R. JR
 04/18/95 CONTINUANCE BY AGREEMENT                05/11/95
         SIMMONS,HENRY R. JR
 05/11/95 DEFENDANT IN CUSTODY
         SIMMONS,HENRY R. JR
 05/11/95 PRISONER DATA SHEET TO ISSUE
         SIMMONS,HENRY R. JR
 05/11/95 CONTINUANCE BY AGREEMENT                06/08/95
         SIMMONS,HENRY R. JR
 06/08/95 DEFENDANT IN CUSTODY
         SIMMONS,HENRY R. JR
 06/08/95 PRISONER DATA SHEET TO ISSUE
         SIMMONS,HENRY R. JR
 06/08/95 ADMONISH PER SP CT RULE 402
         SIMMONS,HENRY R. JR
 06/08/95 CONTINUANCE BY AGREEMENT                06/28/95
         SIMMONS,HENRY R. JR
 06/28/95 DEFENDANT IN CUSTODY
         SIMMONS,HENRY R. JR
 06/28/95 PRISONER DATA SHEET TO ISSUE
         SIMMONS,HENRY R. JR
 06/28/95 CONTINUANCE BY AGREEMENT                08/21/95
         SIMMONS,HENRY R. JR
 08/21/95 DEFENDANT IN CUSTODY
         SIMMONS,HENRY R. JR
 08/21/95 PRISONER DATA SHEET TO ISSUE
         SIMMONS,HENRY R. JR
 08/21/95 PG JW FINDING GUILTY                    C001
         SIMMONS,HENRY R. JR
 08/21/95 CHANGE PRIORITY STATUS                  M
         SIMMONS,HENRY R. JR
 08/21/95 NOLLE PROSEQUI                          C002
         SIMMONS,HENRY R. JR
 08/21/95 NOLLE PROSEQUI                          C003
         SIMMONS,HENRY R. JR
 08/21/95 NOLLE PROSEQUI                          C004
         SIMMONS,HENRY R. JR
```

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS            Page 004

PEOPLE OF THE STATE OF ILLINOIS

                    VS                    NUMBER 94CR2576102

    RAMON        HAMILTON

            CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

   I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
08/21/95 PG JW FINDING GUILTY                    C005
     SIMMONS,HENRY R. JR
08/21/95 DEF SENTENCED ILLINOIS DOC              C001
         38 YRS
     SIMMONS,HENRY R. JR
08/21/95 DEF SENTENCED ILLINOIS DOC              C005
         15 YRS
     SIMMONS,HENRY R. JR
08/21/95 SENTENCE TO RUN CONCURRENT
     COUNTS 1 & 5
     SIMMONS,HENRY R. JR
08/21/95 CREDIT DEFENDANT FOR TIME SERV
     FOR 336 DAYS.
     SIMMONS,HENRY R. JR
08/21/95 LET MITTIMUS ISSUE/MITT TO ISS
     SIMMONS,HENRY R. JR
08/21/95 DEF ADVISED OF RIGHT TO APPEAL
     SIMMONS,HENRY R. JR
06/18/98 POST-CONVICTION FILED              CALL 06/30/98 1701
06/18/98 PAUPER PETITION FILED                   06/30/98 1701
06/18/98 HEARING DATE ASSIGNED                   06/30/98 1701
06/30/98 CASE ASSIGNED                           06/30/98 1718
     LACY, WILLIAM G.
06/30/98 CONTINUANCE BY AGREEMENT                07/07/98
     SIMMONS,HENRY R. JR
07/07/98 SPECIAL ORDER
     PETITION DENIED.
     SIMMONS,HENRY R. JR
07/09/98 NOTIFICATION SENT TO DEFENDANT
08/07/98 NOTICE OF APPEAL FILED, TRNSFR
08/18/98 NOTICE OF NOTICE OF APP MAILED
08/18/98 HEARING DATE ASSIGNED                   08/21/98 1713
08/21/98 ILL STATE APPELLATE DEF APPTD
08/21/98 O/C FREE REPT OF PROCD ORD N/C
08/21/98 MEMO OF ORDS & NOA PICKED-UP
09/01/98 APPELLATE COURT NUMBER ASGND                 98-3114
09/11/98 REPT OF PRCDS ORD FR CRT RPT

```
              IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS        Page 005

     PEOPLE OF THE STATE OF ILLINOIS

                         VS              NUMBER 94CR2576102

     RAMON         HAMILTON

                 CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

     I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
10/02/98 COMMON LAW RECORD PREPARED
10/06/98 CLR RECD BY APP COUNSEL
         STATE APPELLATE DEFENDER
01/08/99 TRANS PROC REC/FILED CLKS OFF
01/14/99 REPORT OF PROCEEDINGS PREPARED
02/02/99 REPRT/PROCDS RECD BY APP ATTRY
         STATE APPELLATE DEFENDER
08/24/00 MANDATE FILED                               09/06/00 1701
09/06/00 SPECIAL ORDER                               00/00/00
         REVERSE TRIAL COURT'S SUMM<RY DISMISSAL OF DEF .'S
         WOOD, WILLIAM S.
09/06/00 SPECIAL ORDER                               00/00/00
         P.C. PETITION AND REMAND FOR APPOINTMENT OF CO NSEL
         WOOD, WILLIAM S.
09/06/00 SPECIAL ORDER                               00/00/00
         AND FURTHER PROCEEDINGS UNDER P.C. ACT.
         WOOD, WILLIAM S.
01/31/07 DEFENDANT IN CUSTODY                        00/00/00
         OBBISH JAMES M.
01/31/07 PRISONER DATA SHEET TO ISSUE                00/00/00
         OBBISH JAMES M.
01/31/07 PUBLIC DEFENDER APPOINTED                   00/00/00
         OBBISH JAMES M.
01/31/07 CONTINUANCE BY AGREEMENT                    05/02/07
         OBBISH JAMES M.
01/30/07 SPECIAL ORDER                               00/00/00
         REQUEST FOR MANDATE TO BE PROPERLY PROCESSED
01/30/07 HEARING DATE ASSIGNED                       05/02/07 1718
05/02/07 DEFENDANT NOT IN COURT                      00/00/00
         OBBISH JAMES M.
05/02/07 PUBLIC DEFENDER APPOINTED                   00/00/00
         OBBISH JAMES M.
05/02/07 CONTINUANCE BY ORDER OF COURT               05/30/07
         OBBISH JAMES M.
05/30/07 DEFENDANT NOT IN COURT                      00/00/00
         OBBISH JAMES M.
05/30/07 PRISONER DATA SHEET TO ISSUE                00/00/00
         OBBISH JAMES M.
```

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS     Page 006

PEOPLE OF THE STATE OF ILLINOIS

                VS                NUMBER 94CR2576102

RAMON          HAMILTON

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

   I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

```
The States Attorney of Cook County filed an INDICTMENT/INFORMATION
05/30/07 CONTINUANCE BY AGREEMENT               08/29/07
    OBBISH JAMES M.
07/23/07 SPECIAL ORDER                          00/00/00 F      2
    AMEND P.C.PETITION.
07/23/07 MOTION FOR WRIT OF HABEAS CORP         00/00/00 F      2
07/23/07 HEARING DATE ASSIGNED                  08/29/07 1731
08/29/07 DEFENDANT IN CUSTODY                   00/00/00
    OBBISH JAMES M.
08/29/07 DEFENDANT NOT IN COURT                 00/00/00
    OBBISH JAMES M.
08/29/07 MOTION DEFT - CONTINUANCE - MD         12/05/07
    OBBISH JAMES M.
08/29/07 DEFENDANT NOT IN COURT                 00/00/00
    DARCY, DANIEL P.
08/29/07 SPECIAL ORDER                          00/00/00
    ON CALL IN ERROR THIS CASE BELONG TO JUDGE OBBISH ROOM 301.
    DARCY, DANIEL P.
```

I hereby certify that the foregoing has been entered of record on the above captioned case.
Date 10/29/07

---

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT OF COOK COUNTY