IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America ex rel.<br>  RAMON HAMILTON,<br><br>                    Petitioner,<br><br>             v.<br><br>JOSEPH LOFTUS, Warden,<br>  Danville Correctional Center,<br><br>                    Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br><br><br>No. 07 C 6539<br><br><br>The Honorable<br>Joan B. Gottschall,<br>Judge Presiding. |

## MOTION TO DISMISS

Pursuant to 28 U.S.C. § 2244(d), Rule 4 of the Rules Governing Section 2254 Cases,[1] and this Court's January 3, 2008 Order (Doc. 12), respondent JOSEPH LOFTUS moves this Court to dismiss with prejudice the petition for writ of habeas corpus filed in the above-captioned cause because the petition is time-barred. *See* 28 U.S.C. § 2244(d).

---

[1] Rule 4 permits a response to a habeas petition to be an "answer, motion, or other response." The Committee Notes explain that where a "dismissal may be called for on procedural grounds," a response by motion can "avoid burdening the respondent with the necessity of filing an answer on the substantive merits of a petition." Advisory Committee Notes to Rule 4 (1976 Adoption). This reasoning remains in force following the 2004 amendments to Rule 4. *See* Advisory Committee Notes to Rule 4 (2004 Amendments) ("The amended rule reflects that the response to the habeas petition may be a motion."); *see also* Advisory Committee Notes to Rule 5 (2004 Amendments) (Rule 4 permits the filing of pre-answer motions to dismiss, and "reflects the view that if the court does not dismiss the petition, it may require (or permit) the respondent to file a motion").

## BACKGROUND

1.  Petitioner Ramon Hamilton is incarcerated at the Danville Correctional Center in Danville, Illinois, and is identified as prisoner number K52246. Joseph Loftus, the warden of that facility, has custody of petitioner.

2.  Pursuant to a plea agreement, petitioner pled guilty in the Circuit Court of Cook County on August 21, 1995 to first-degree murder and attempted armed robbery. Pet. at 2; Order, *People v. Hamilton*, No. 1-98-3114 (Ill.App. 2000) (Exh. A) at 1; Certified Statement of Conviction/Disposition, *People v. Hamilton*, No. 94-CR-2576102 (Cook Cty. Cir. Ct.) (Exh. B) at 3-4. On that day, he was sentenced to 38 years in prison, and he did not file a direct appeal. Pet. at 2; Exh. A at 1; Exh. B at 4.

3.  On June 18, 1998, petitioner filed a postconviction petition (PC) under 725 ILCS 5/122-1, *et seq.*, raising two claims:

    (a) his counsel was ineffective for failing to advise him of his sentence under the plea agreement and for failing to interview defendant to ascertain facts material to pretrial motions; and

    (b) his plea was not made knowingly and intelligently because the trial court did not admonish him as to the three-year period of mandatory supervised release.

Pet. at 3-4; Exh. A at 1, 3-5; Exh. B at 4. The court summarily dismissed the PC on July 7, 1998. Pet. at 4; Exh. A at 1, 5; Exh. B at 4.

4.  Petitioner appealed, and on September 6, 2000, the state appellate court reversed and remanded for further proceedings. Pet. Memo. in Support at 2; Exh. A at 9-10; Exh. B at 5.

5. The Certified Statement of Conviction/Disposition shows no activity in the case between September 2000 and January 2007. Exh. B at 5. On January 30, 2007, a special order was issued requesting that the mandate be properly processed, and proceedings resumed. Exh. B at 5. On July 23, 2007, petitioner amended his postconviction petition and also filed a motion for writ of habeas corpus under 735 ILCS 5/10-101, *et seq. Id.* at 6. Petitioner's state postconviction petition and habeas proceedings remain active.

6. On November 19, 2007, petitioner filed the instant petition for habeas relief, raising two claims:

(a) exhaustion rules should be relaxed because petitioner's state postconviction appeal has been "dormant" since 2000; and

(b) petitioner's plea agreement was breached because the trial court sentenced petitioner to a longer prison term than he agreed to with the State.

Pet. at 6.

7. The following state court materials are being contemporaneously filed as exhibits to this motion:

Exhibit A:   Order, *People v. Hamilton*, No. 1-98-3114 (Ill.App. July 28, 2000); and

Exhibit B:   Certified Statement of Conviction/Disposition, *People v. Hamilton*, No. 94-CR-2576102 (Cook Cty. Cir. Ct.).

## ARGUMENT

8. This Court should dismiss the petition because it was filed after the expiration of the applicable statute of limitations imposed by the Antiterrorism and

Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(d). "A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a state court." *Id.*

9. Petitioner pled guilty and was sentenced on August 21, 1995. Pet. at 2; Exh. A at 1; Exh. B at 3-4. Thirty days later, the time expired for petitioner to file a motion to withdraw his plea or reduce the sentence; without filing such a motion, petitioner could not further appeal his sentence or plea. *See* Il. Sup. Ct. R. 604(d). Because petitioner did not appeal to the state appellate court and file a petition for leave to appeal to the Illinois Supreme Court, he was not entitled to seek review in the United States Supreme Court. *See* Sup. Ct. R. 13.1. Thus, petitioner's conviction became final on September 20, 1995, or after expiration of the 30-day period within which he could have filed a motion to withdraw his plea. *See Soto v. Liebach*, 2004 WL 2222267, at *2 (N.D. Ill. 2004) (where petitioner does not move to withdraw guilty plea and does not appeal, conviction in state court "final" upon expiration of time for moving in trial court to withdraw guilty plea); *see also* 28 U.S.C. § 2244(d)(1)(A).

10. The one-year statute of limitations became effective on April 24, 1996, so petitioner, whose conviction was final prior to that date, is given a one-year grace period from that effective date within which to file his federal habeas action. *See Araujo v. Chandler*, 435 F.3d 678, 680 (7th Cir. 2005). Thus, petitioner's limitations clock began to run on April 24, 1996, and his Section 2254 petition was due one year

later, on April 24, 1997.  *See* Fed R. Civ. P. 6(a); *see also Newell v. Hanks*, 283 F.3d 827, 833 (7th Cir. 2002) (holding that Rule 6(a) applies to the calculation of AEDPA's one-year grace period for petitioners whose convictions became final before April 24, 1996); *United States v. Marcello*, 212 F.3d 1005, 1009-10 (7th Cir. 2000) (relying on Rule 6(a) to adopt "anniversary method" to calculate AEDPA's limitations period for Section 2255 petitions).  Petitioner did not file his habeas petition in this Court until November 8, 2007, at the earliest (the date he signed the petitioner, *see* Pet. at 9), and so the petition is untimely on its face.

11.    Petitioner did file a PC on June 18, 1998, *see* Pet. at 3-4; Exh. A at 1, 3-5; Exh. B at 4, and AEDPA's one-year limitations period is tolled during the pendency of a properly filed application for postconviction relief.  *See* 28 U.S.C. § 2244(d)(2).  However, June 18, 1998 fell well after the April 24, 1997 expiration of the one-year limitations period; thus, the period in which petitioner could file a Section 2254 petition had expired by the time petitioner filed his state collateral attack, and the petition is untimely on this basis.  *Graham v. Borgen*, 483 F.3d 475, 482 (7th Cir. 2007) (collateral motion in state court had no tolling effect under Section 2244(d)(2) when it was filed after expiration of limitations period on April 24, 1997; habeas petition untimely).  Moreover, a PC does not restart the calculation of the limitations period, so petitioner cannot argue that the time that lapsed after April 24, 1997 is of no consequence.  *See Teas v. Endicott*, 494 F.3d 580, 582-83 (7th Cir. 2007) (one-year limitations period expired before petitioner even

filed state collateral attack, which did not restart clock); *Love v. Trancoso*, 2004 WL 1660629, at *2 (N.D. Ill. 2004) (rejecting argument that time lapsing before filing of postconviction petition does not count against one-year limitations period) (citing *Bethea v. Girdich*, 293 F.3d 577, 578 (2d Cir. 2000) ("[P]roper calculation of section 2244(d)(2)'s tolling provision *excludes* time during which properly filed state relief applications are pending but does not *reset* the date from which the one-year statute of limitations begins to run.") (emphasis in original)); *see also United States ex rel. Arrieta v. Briley*, 2004 WL 407005, *2 (N.D. Ill. Feb. 20, 2004) (filing of PC does not reset limitations clock), *aff'd sub nom. Arrieta v. Battaglia*, 461 F.3d 861 (7th Cir. 2006).

  12. Petitioner has not argued for — and there do not appear to be any grounds to support — the application of equitable tolling, which is available only when "extraordinary circumstances outside of the petitioner's control prevent timely filing of the habeas petition."  *Araujo*, 435 F.3d at 680 (quotation omitted); *see also Arrieta*, 461 F.3d at 867 (equitable tolling permissible only under "extraordinary circumstances" outside of petitioner's control and through no fault of his own).  A litigant seeking equitable tolling must demonstrate two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

  13. "Equitable tolling excuses an untimely filing when, despite exercising reasonable diligence, a petitioner could not have learned the information he needed

in order to file on time." *Jones v. Hulick*, 449 F.3d at 789. In *Jones*, the Seventh Circuit found that the petitioner was not entitled to equitable tolling even though petitioner alleged that an "organization called University Legal Services falsely promised to prepare and file his habeas petition." *Id.* In another case, the Seventh Circuit held that petitioner's ignorance of law and alleged non-responsiveness of his attorney did not warrant equitable tolling. *Montenegro v. United States*, 248 F.3d 585, 594 (7th Cir. 2001). Here, petitioner has not pled facts that demonstrate extraordinary circumstances outside of his control that prevented the timely filing of a habeas petition despite the exercise of reasonable diligence. Because the petition was filed well after the statute of limitations expired and there are no grounds for equitable tolling, this Court should dismiss the petition with prejudice.

14.     Petitioner is time-barred from bringing a Section 2254 claim with respect to his underlying conviction. *See* ¶¶ 8-13, *supra*. Petitioner's first habeas claim appears to seek to excuse his failure to exhaust his second claim (that his plea agreement was breached), and suggests that the delay from 2000 to 2007 during his PC litigation is attributable to the state court clerk's delay in processing the appellate court's mandate. *See* Pet. at 6; Pet. Memo. in Support at 1-5. But the petition was time-barred long before that period. Thus, any argument to excuse the delay, based on the clerk's inaction (and petitioner does not make such an argument), would be unavailing.

## **CONCLUSION**

For the reasons stated above, this Court should dismiss with prejudice petitioner's petition for writ of habeas corpus because it is time-barred under 28 U.S.C. § 2244(d)(1)(A). If this Court determines that the petition is not time-barred, respondent respectfully requests an opportunity to address in a subsequent pleading the merits of, or any procedural or other defenses to, the claims presented in the petition.

January 29, 2007                                          Respectfully submitted,

                                                                               LISA MADIGAN
                                                                               Attorney General of Illinois

                                       By:    s/ Eldad Z. Malamuth
                                                            ELDAD Z. MALAMUTH, Bar # 6275421
                                                            Assistant Attorney General
                                                            100 West Randolph Street, 12th Floor
                                                            Chicago, Illinois 60601-3218
                                                            TELEPHONE: (312) 814-2235
                                                           FAX: (312) 814-2253
                                                           E-MAIL: emalamuth@atg.state.il.us

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 29, 2007, I presented the attached **MOTION TO DISMISS** to the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF system, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participant:

Ramon Hamilton
K52246
Danville Correctional Center
3820 East Main Street
Danville, Illinois 61834.

                                              LISA MADIGAN
                                              Attorney General of Illinois

By:   s/ Eldad Z. Malamuth
        ELDAD Z. MALAMUTH, Bar # 6275421
        Assistant Attorney General
        100 West Randolph Street, 12th Floor
        Chicago, Illinois 60601-3218
        TELEPHONE: (312) 814-2235
        FAX: (312) 814-2253
        E-MAIL: emalamuth@atg.state.il.us