

IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
J.N
JAN 2 9 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT
JAN 2 9 2008

| | |
|---|---|
| United States of America ex rel. RAMON HAMILTON, | ) ) ) |
| Petitioner, | ) ) |
| v. | )  No. 07 C 6539 |
| | ) |
| JOSEPH LOFTUS, Warden, Danville Correctional Center, | ) ) ) |
| Respondent. | ) The Honorable ) Joan B. Gottschall, ) Judge Presiding. |

## TO THE CLERK OF THE UNITED STATES DISTRICT COURT

The following exhibits are being filed contemporaneously with respondent's

motion to dismiss the above-captioned petition for writ of habeas corpus:

Exhibit A:   Order, *People v. Hamilton*, No. 1-98-3114 (Ill.App. July 28, 2000); and

Exhibit B:   Certified Statement of Conviction/Disposition, *People v. Hamilton*, No. 94-CR-2576102 (Cook Cty. Cir. Ct.).

January 29, 2008                                  Respectfully submitted,

                                                  LISA MADIGAN
                                                  Attorney General of Illinois

                              By:    *[signature]*

                                     ELDAD Z. MALAMUTH, Bar # 6275421
                                     Assistant Attorney General
                                     100 West Randolph Street, 12th Floor
                                     Chicago, Illinois 60601-3218
                                     TELEPHONE: (312) 814-2235
                                     FAX: (312) 814-2253
                                     E-MAIL: emalamuth@atg.state.il.us

SIXTH DIVISION
July 28, 2000

No. 1-98-3114

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 94 CR 25761 |
| | ) | |
| RAYMON HAMILTON, | ) | Honorable |
| | ) | Henry R. Simmons, Jr., |
| Defendant-Appellant. | ) | Judge Presiding. |

### O R D E R

Pursuant to a guilty plea, defendant Ramon Hamilton was convicted of first degree murder and attempted armed robbery and was sentenced to 38 years in prison.  Defendant filed a pro se petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 et seq. (West 1998)), and the trial court dismissed the petition without an evidentiary hearing.  On appeal, defendant contends his trial counsel was ineffective for failing to advise him of his sentence under the plea agreement and also for failing to interview defendant and ascertain facts that would have supported two potentially meritorious pretrial motions.  Defendant also argues that his plea was not knowingly and intelligently entered because the trial court did not admonish him as to the three-year period of mandatory supervised release upon completion of his sentence.

EXHIBIT A

1-98-3114

The State presented the following factual basis for
defendant's plea. On September 27, 1994, Bernard Jackson was
working at a tire shop at 85th Street and Racine Avenue in
Chicago. Jackson was repairing a vehicle belonging to Corey
Lamb, who was at the shop. At about 7 p.m., codefendant Willie
Pole entered the shop and spoke to Lamb and another man. Pole
later passed the shop in a car and displayed gang signs toward
Lamb. A shot was fired that struck Jackson, who later died.
Police apprehended Pole and proceeded to defendant's house.
There, defendant showed the officers a gun that Pole had told
defendant's sister to hide.

Defendant, who was 15 years old at the time, gave a written
statement to a detective and a prosecutor in the presence of his
mother after being advised of his Miranda rights. Defendant said
he and Pole were members of the Blackstones street gang. Pole
arrived at defendant's house that evening and asked for a gun,
and defendant gave him a loaded pistol. Pole said he needed the
weapon because he was going to the tire shop to take jewelry from
members of the Disciples gang.

Defendant and Pole went to the shop separately, with
defendant in a gray Buick and Pole in a white Escort. They drove
past the shop and flashed gang signs. Defendant and Pole then
parked their cars, and Pole asked defendant to release the safety
lock on the gun, which defendant did. They approached the shop,
and Pole fired the gun at the Disciples. They fled after one
person was hit. After being told that Pole had given the gun to

- 2 -

1-98-3114

defendant's sister, defendant retrieved the gun from her and hid
it outside his house.

In court, defendant's attorney told the judge that his
client wanted to accept the offered 38-year sentence. The trial
court asked defendant if he was ready to plead guilty at that
time, and defendant replied, "No, sir." The case was passed and
recalled, at which time defendant pleaded guilty to the first
degree murder of Jackson and the attempted armed robbery of Lamb.
Defendant indicated that he understood the nature of both
charges, his pleas were given freely and he was not forced or
threatened to plead guilty. The trial court admonished defendant
that the law provided for a sentence of 20 to 60 years for murder
and 4 to 15 years for attempted robbery. Defendant indicated
that he wished to plead guilty and understood that the sentences
could be consecutive. Defendant stated that he agreed with the
factual basis, and the trial court accepted defendant's plea as
voluntary. The court imposed a 38-year sentence for murder and a
concurrent 15-year sentence for attempted armed robbery.

Defendant filed a pro se post-conviction petition, alleging
that his constitutional rights were violated when police officers
entered his home on the night of the shooting without consent or
a search warrant. Defendant also alleged that his statement to
police was involuntary. He alleged that his mother and sister
accompanied him to the police station and that he and his sister
were told they could only leave if they signed a statement
implicating Pole. Defendant stated that he signed the statement,

- 3 -

1-98-3114

but police continued to question him and eventually charged him
with the crime.   Defendant also alleged that he was not
adequately informed of his <u>Miranda</u> rights because he lacked the
intelligence to comprehend them.   In addition, defendant asserted
that even if his waiver of his rights was voluntary, the fact
that he was promised a reward for his statement rendered the
statement involuntary.

Accompanying defendant's petition were affidavits from his
mother, Bonnie Hamilton Reese, and his sister, Andrea Hamilton.
Reese stated in her affidavit that police pushed their way into
her house at about 7:50 p.m. on the night of the shooting and
asked if Pole had left a package or gun there.   The officers
stated that if a gun or package was found "everybody was going to
jail" and also told defendant that Pole had said defendant was
the shooter.   At the police station, defendant and Reese were
told that "the only way to go home was if [defendant] signed a
statement saying he saw Willie Pole shoot at someone" and for
Hamilton to sign a statement saying Pole had given her the
weapon.   Reese's affidavit stated that she told defendant and
Hamilton to sign the statements.

Hamilton stated in her affidavit that police entered their
residence by force on the night of the shooting.   Hamilton said
she told them that defendant had a gun in the back of the house
because she was afraid she would go to jail.

Defendant's post-conviction petition also included two
allegations of ineffective assistance of counsel.   Defendant

- 4 -

1-98-3114

stated that his trial counsel "lacked a real interest or concern
in the case," interviewing him once during his representation and
failing to discuss legal defense, strategy or the facts of the
case with defendant.  Defendant also alleged that his trial
counsel was ineffective in advising him to plead guilty in
exchange for a 25-year sentence, when defendant learned after
entering his plea that he would receive a 38-year sentence.
Defendant asserted that he would not have agreed to plead guilty
had he known he would be sentenced to 38 years.  Defendant
alleged that his attorney was not interested in defending him and
therefore misled him into entering a guilty plea.  The trial
court dismissed defendant's petition without an evidentiary
hearing, finding it frivolous and patently without merit.  This
appeal followed.

A post-conviction action is a collateral attack on a prior
conviction and sentence.  People v. West, 187 Ill. 2d 418, 425
(1999).  Therefore, the remedy "is not a substitute for, or an
addendum to, direct appeal."  West, 187 Ill. 2d at 425, quoting
People v. Kokoraleis, 159 Ill. 2d 325, 328 (1994).  The scope of
a post-conviction proceeding is limited to constitutional matters
that were not or could not have been previously adjudicated.
West, 187 Ill. 2d at 425.  We note that defendant did not
directly appeal his convictions to this court.  However, he has
not waived his right to proceed under the Act by failing to file
a post-trial motion or a direct appeal, as remedies under the Act
are not contingent upon the exhaustion of any other remedy.  See

- 5 -

1-98-3114

People v. Rose, 43 Ill. 2d 273, 279 (1969); People v. Tripp, 248
Ill. App. 3d 706, 711 (1993).  Therefore, despite the absence of
a direct appeal, we may review the constitutional claims raised
in defendant's post-conviction petition.

A defendant who raises post-conviction claims is entitled to
an evidentiary hearing pertaining to those claims if the
allegations set forth in the petition, as supported by the trial
record and accompanying affidavits, make a substantial showing of
a constitutional violation.  West, 187 Ill. 2d at 425.  In making
that determination, all well-pleaded facts in the petition and
affidavits are taken as true; however, nonfactual and nonspecific
assertions that are merely conclusory are insufficient to require
a hearing under the Act.  West, 187 Ill. 2d at 425-26.  The
dismissal of the petition is warranted only when its allegations
of fact, liberally construed in the petitioner's favor and in
light of the original trial record, fail to make a substantial
showing of a constitutional violation.  West, 187 Ill. 2d at 426.
The standard of review of a post-conviction petition dismissed
without an evidentiary hearing is de novo.  People v. Coleman,
183 Ill. 2d 366, 389 (1998).

We initially observe that defendant raises arguments in his
appellate brief that are beyond the scope of the contentions
included in his post-conviction petition.  One argument absent
from defendant's petition but raised here involves the adequacy
of the trial court's admonishments under Supreme Court Rule 402
(134 Ill. 2d R. 402).  Defendant also argues that he did not

- 6 -

1-98-3114

knowingly and intelligently plead guilty because the trial court
did not admonish him regarding a three-year period of mandatory
supervised release after completion of his sentence.   Claims not
raised in a defendant's original or amended petition are waived.
725 ILCS 5/122-3 (West 1998); see also People v. Jones, No.
83756, slip op. at 2 (Ill. June 15, 2000); People v. Flores, 153
Ill. 2d 264, 274 (1992).

     Defendant acknowledges on appeal that his post-conviction
petition did not include these allegations.   However, regarding
the trial court's failure to admonish him as to the three-year
period of mandatory supervised release, defendant contends that
the omission of that assertion from his post-conviction petition
should not defeat his claim because the waiver doctrine does not
apply where the error involves the complete absence of a required
admonishment involving a defendant's sentence.   We agree.   People
v. Weakley, 45 Ill. 2d 549, 552-53 (1970).

     In Weakley, the Illinois Supreme Court considered and
decided the issue of defective admonishments regarding sentencing
even though the defendant's post-conviction petitioner did not
state that specific allegation.   Weakley, 45 Ill. 2d 549
(reversing dismissal of defendant's post-conviction petition).
In addition, the Illinois Supreme Court held that the law of
waiver, which generally applies to a plea of guilty, should not
operate to bar the issue of improper admonishments from a post-
conviction petition.   People v. Evans, 37 Ill. 2d 27, 32 (1967).
The court reasoned that where the admonishments were defective,

- 7 -

1-98-3114

the "defendant could not have 'knowingly' and 'intelligently'
waived his constitutional rights." <u>Evans</u>, 37 Ill. 2d at 32
(reversing dismissal of defendant's post-conviction petition
where defendant alleged that the trial court's admonishments
regarding sentencing were improper). Moreover, this court can
review defendant's claim under the doctrine of fundamental
fairness. See, <u>e.g.</u>, <u>People v. Davis</u>, 156 Ill. 2d 149, 158
(1993).

Defendant cannot be said to have entered his guilty plea
knowingly and intelligently if the trial court did not mention to
him at the time of his plea that he would be subject to a term of
mandatory supervised release. See <u>People v. Kull</u>, 171 Ill. App.
3d 496, 498 (1988), citing <u>People v. Louderback</u>, 137 Ill. App. 3d
432, 436 (1985). In <u>Kull</u>, this court reasoned that
"[s]ubstantial rights are affected when a defendant agrees to a
sentence of 22 years, but actually, unknowingly, receives a
penalty involving 25 years." <u>Kull</u>, 171 Ill. App. 3d at 500. Our
review of the record of the plea proceedings indisputably
reveals, and the State concedes, that the trial court did not
inform defendant of the three-year period of mandatory supervised
release that would follow his sentence.

To overcome the admittedly defective admonishment by the
trial court, the State astonishingly contends that "[t]he record
shows beyond question that petitioner knew the terms of his
sentence, despite his claim to the contrary, because he was at
the [plea] conference on June 8, 1995." Quite simply, the

- 8 -

1-98-3114

contents of the plea conference are not a part of the record.  In
considering a post-conviction claim, unknown statements made
during an off-the-record conference cannot contradict known
statements made on the record.  See People v. Ramirez, 162 Ill.
2d 235, 240-46 (1994) (dismissal was proper where the trial court
relied on the contents of the record to refute defendant's
petition).

The State correctly observes that a trial court's failure to
admonish a defendant about mandatory supervised release does not
automatically constitute a constitutional due process violation.
People v. Wills, 61 Ill. 2d 105 (1975).  However, insufficient
admonishments by the trial court prior to a defendant's guilty
plea are a factor that must be considered in determining whether
the guilty plea was voluntarily and intelligently made.  People
v. Smith, 285 Ill. App. 3d 666, 669 (1996), citing Wills, 61 Ill.
2d at 111.  In Smith, this court vacated the defendant's guilty
plea and reversed the trial court's dismissal of the defendant's
petition for post-conviction relief where the trial court had
failed to mention mandatory supervised release during its
admonishments to the defendant.  Smith, 285 Ill. App. 3d at 667;
see also People v. Day, 311 Ill. App. 3d 271 (2000) (defendant's
negotiated guilty plea vacated where trial court's admonishments
were insufficient, particularly where court failed to advise
defendant of three-year mandatory supervised release attached to
his sentence).

For the purpose of withstanding a summary dismissal of a

- 9 -

1-98-3114

post-conviction petition, we find that defendant has sufficiently raised the gist of a meritorious constitutional claim based on the trial court's undisputed failure to admonish him regarding the three-year period of mandatory supervised release that would follow his sentence.  Accordingly, we reverse the trial court's summary dismissal of defendant's pro se post-conviction petition and remand for the appointment of counsel and for further proceedings under the Act.  In light of our resolution of this issue, we need not address the remaining allegations in defendant's petition.

Reversed and remanded.

O'BRIEN, J., with ZWICK, P.J., and BUCKLEY, J., concurring.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS        Page 001

PEOPLE OF THE STATE OF ILLINOIS

VS                    NUMBER 94CR2576102

RAMON        HAMILTON

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
with the Clerk of the Circuit Court.

Charging the above named defendant with:

| | | |
|---|---|---|
| 720-5/9-1(A)(1) | F | MURDER/INTENT TO KILL/INJ |
| 720-5/9-1(A)(2) | F | MURDER/STRONG PROB KILL/I |
| 720-5/9-1(A)(3) | F | MURDER/OTHER FORCIBLE FEL |
| 720-5/18-2(A) | F (ATT) | ARMED ROBBERY |
| 720-5/18-2(A) | F (ATT) | ARMED ROBBERY |

The following disposition(s) was/were rendered before the Honorable Judge(s):

```
10/25/94 IND/INFO-CLK OFFICE-PRES JUDGE          11/09/94 1701
     94CR2576102 ID# CR100691330
11/09/94 CASE ASSIGNED                           11/09/94 1731
     BASTONE, ROBERT P.
11/09/94 DEFENDANT IN CUSTODY
     HIMEL, RONALD A.
11/09/94 PRISONER DATA SHEET TO ISSUE
     HIMEL, RONALD A.
11/09/94 TRANSFER INSTANTER                      11/09/94 1718
     HIMEL, RONALD A.
11/09/94 MOTION TO SUBSTITUTE JUDGE                       S        1
     BASTONE, ROBERT P.
11/09/94 CASE ASSIGNED                           11/09/94 1718
     BASTONE, ROBERT P.
11/09/94 DEFENDANT IN CUSTODY
     PORTER DENNIS J
11/09/94 PRISONER DATA SHEET TO ISSUE
     PORTER DENNIS J
11/09/94 PUBLIC DEFENDER APPOINTED
     PORTER DENNIS J
11/09/94 DEFENDANT ARRAIGNED
     PORTER DENNIS J
11/09/94 PLEA OF NOT GUILTY
     PORTER DENNIS J
11/09/94 ADMONISH AS TO TRIAL IN ABSENT
     PORTER DENNIS J
```

EXHIBIT B

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS      Page 002

PEOPLE OF THE STATE OF ILLINOIS

VS                    NUMBER 94CR2576102

RAMON        HAMILTON

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
11/09/94 CONTINUANCE BY AGREEMENT                · 12/07/94
        PORTER DENNIS J
12/07/94 DEFENDANT IN CUSTODY
        PORTER DENNIS J
12/07/94 PRISONER DATA SHEET TO ISSUE
        PORTER DENNIS J
12/07/94 CONTINUANCE BY AGREEMENT              01/12/95
        PORTER DENNIS J
12/28/94 MOTION TO ADVANCE                              E      2
12/28/94 NOTICE OF MOTION/FILING           01/09/95 1718
01/09/95 CASE ADVANCED                     01/09/95 1718
        PORTER DENNIS J
01/09/95 DEFENDANT IN CUSTODY
        PORTER DENNIS J
01/09/95 PRISONER DATA SHEET TO ISSUE
        PORTER DENNIS J
01/09/95 CONTINUANCE BY AGREEMENT              02/08/95
        PORTER DENNIS J
02/08/95 DEFENDANT IN CUSTODY
        SIMMONS,HENRY R. JR
02/08/95 PRISONER DATA SHEET TO ISSUE
        SIMMONS,HENRY R. JR
02/08/95 CONTINUANCE BY AGREEMENT              02/28/95
        SIMMONS,HENRY R. JR
02/28/95 DEFENDANT IN CUSTODY
        BERKOS, CHRISTY S.
02/28/95 PRISONER DATA SHEET TO ISSUE
        BERKOS, CHRISTY S.
02/28/95 CONTINUANCE BY AGREEMENT             · 03/24/95
        BERKOS, CHRISTY S.
03/24/95 DEFENDANT IN CUSTODY
        SIMMONS,HENRY R. JR
03/24/95 PRISONER DATA SHEET TO ISSUE
        SIMMONS,HENRY R. JR
03/24/95 CONTINUANCE BY AGREEMENT              04/18/95
        SIMMONS,HENRY R. JR
04/18/95 DEFENDANT IN CUSTODY
        SIMMONS,HENRY R. JR

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS       Page 003

PEOPLE OF THE STATE OF ILLINOIS

VS                          NUMBER 94CR2576102

RAMON        HAMILTON

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
04/18/95 PRISONER DATA SHEET TO ISSUE
         SIMMONS,HENRY R. JR
04/18/95 CONTINUANCE BY AGREEMENT                   05/11/95
         SIMMONS,HENRY R. JR
05/11/95 DEFENDANT IN CUSTODY
         SIMMONS,HENRY R. JR
05/11/95 PRISONER DATA SHEET TO ISSUE
         SIMMONS,HENRY R. JR
05/11/95 CONTINUANCE BY AGREEMENT                   06/08/95
         SIMMONS,HENRY R. JR
06/08/95 DEFENDANT IN CUSTODY
         SIMMONS,HENRY R. JR
06/08/95 PRISONER DATA SHEET TO ISSUE
         SIMMONS,HENRY R. JR
06/08/95 ADMONISH PER SP CT RULE 402
         SIMMONS,HENRY R. JR
06/08/95 CONTINUANCE BY AGREEMENT                   06/28/95
         SIMMONS,HENRY R. JR
06/28/95 DEFENDANT IN CUSTODY
         SIMMONS,HENRY R. JR
06/28/95 PRISONER DATA SHEET TO ISSUE
         SIMMONS,HENRY R. JR
06/28/95 CONTINUANCE BY AGREEMENT                   08/21/95
         SIMMONS,HENRY R. JR
08/21/95 DEFENDANT IN CUSTODY
         SIMMONS,HENRY R. JR
08/21/95 PRISONER DATA SHEET TO ISSUE
         SIMMONS,HENRY R. JR
08/21/95 PG JW FINDING GUILTY              C001
         SIMMONS,HENRY R. JR
08/21/95 CHANGE PRIORITY STATUS            M
         SIMMONS,HENRY R. JR
08/21/95 NOLLE PROSEQUI                    C002
         SIMMONS,HENRY R. JR
08/21/95 NOLLE PROSEQUI                    C003
         SIMMONS,HENRY R. JR
08/21/95 NOLLE PROSEQUI                    C004
         SIMMONS,HENRY R. JR

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS        Page 004

PEOPLE OF THE STATE OF ILLINOIS

                    VS                    NUMBER 94CR2576102

    RAMON         HAMILTON

            CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

    I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
08/21/95 PG JW FINDING GUILTY                C005
    SIMMONS,HENRY R. JR
08/21/95 DEF SENTENCED ILLINOIS DOC          C001
            38 YRS
    SIMMONS,HENRY R. JR
08/21/95 DEF SENTENCED ILLINOIS DOC          C005
            15 YRS
    SIMMONS,HENRY R. JR
08/21/95 SENTENCE TO RUN CONCURRENT
    COUNTS 1 & 5
    SIMMONS,HENRY R. JR
08/21/95 CREDIT DEFENDANT FOR TIME SERV
    FOR 336 DAYS.
    SIMMONS,HENRY R. JR
08/21/95 LET MITTIMUS ISSUE/MITT TO ISS
    SIMMONS,HENRY R. JR
08/21/95 DEF ADVISED OF RIGHT TO APPEAL
    SIMMONS,HENRY R. JR
06/18/98 POST-CONVICTION FILED          CALL 06/30/98 1701
06/18/98 PAUPER PETITION FILED               06/30/98 1701
06/18/98 HEARING DATE ASSIGNED               06/30/98 1701
06/30/98 CASE ASSIGNED                       06/30/98 1718
    LACY, WILLIAM G.
06/30/98 CONTINUANCE BY AGREEMENT            07/07/98
    SIMMONS,HENRY R. JR
07/07/98 SPECIAL ORDER
    PETITION DENIED.
    SIMMONS,HENRY R. JR
07/09/98 NOTIFICATION SENT TO DEFENDANT
08/07/98 NOTICE OF APPEAL FILED, TRNSFR
08/18/98 NOTICE OF NOTICE OF APP MAILED
08/18/98 HEARING DATE ASSIGNED               08/21/98 1713
08/21/98 ILL STATE APPELLATE DEF APPTD
08/21/98 O/C FREE REPT OF PROCD ORD N/C
08/21/98 MEMO OF ORDS & NOA PICKED-UP
09/01/98 APPELLATE COURT NUMBER ASGND                 98-3114
09/11/98 REPT OF PRCDS ORD FR CRT RPT

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS          Page 005

PEOPLE OF THE STATE OF ILLINOIS

                    VS               NUMBER 94CR2576102

    RAMON          HAMILTON

         CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

    I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
10/02/98 COMMON LAW RECORD PREPARED
10/06/98 CLR RECD BY APP COUNSEL
      STATE APPELLATE DEFENDER
01/08/99 TRANS PROC REC/FILED CLKS OFF
01/14/99 REPORT OF PROCEEDINGS PREPARED
02/02/99 REPRT/PROCDS RECD BY APP ATTRY
      STATE APPELLATE DEFENDER
08/24/00 MANDATE FILED                        09/06/00 1701
09/06/00 SPECIAL ORDER                        00/00/00
      REVERSE TRIAL COURT'S SUMM<RY DISMISSAL OF DEF .'S
      WOOD, WILLIAM S.
09/06/00 SPECIAL ORDER                        00/00/00
      P.C. PETITION AND REMAND FOR APPOINTMENT OF CO NSEL
      WOOD, WILLIAM S.
09/06/00 SPECIAL ORDER                        00/00/00
      AND FURTHER PROCEEDINGS UNDER P.C. ACT.
      WOOD, WILLIAM S.
01/31/07 DEFENDANT IN CUSTODY                 00/00/00
      OBBISH JAMES M.
01/31/07 PRISONER DATA SHEET TO ISSUE         00/00/00
      OBBISH JAMES M.
01/31/07 PUBLIC DEFENDER APPOINTED            00/00/00
      OBBISH JAMES M.
01/31/07 CONTINUANCE BY AGREEMENT             05/02/07
      OBBISH JAMES M.
01/30/07 SPECIAL ORDER                        00/00/00
      REQUEST FOR MANDATE TO BE PROPERLY PROCESSED
01/30/07 HEARING DATE ASSIGNED                05/02/07 1718
05/02/07 DEFENDANT NOT IN COURT               00/00/00
      OBBISH JAMES M.
05/02/07 PUBLIC DEFENDER APPOINTED            00/00/00
      OBBISH JAMES M.
05/02/07 CONTINUANCE BY ORDER OF COURT        05/30/07
      OBBISH JAMES M.
05/30/07 DEFENDANT NOT IN COURT               00/00/00
      OBBISH JAMES M.
05/30/07 PRISONER DATA SHEET TO ISSUE         00/00/00
      OBBISH JAMES M.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS     Page 006

PEOPLE OF THE STATE OF ILLINOIS

VS                    NUMBER 94CR2576102

RAMON        HAMILTON

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
| 05/30/07 CONTINUANCE BY AGREEMENT | 08/29/07 | | |
| OBBISH JAMES M. | | | |
| 07/23/07 SPECIAL ORDER | 00/00/00 | F | 2 |
| AMEND P.C.PETITION. | | | |
| 07/23/07 MOTION FOR WRIT OF HABEAS CORP | 00/00/00 | F | 2 |
| 07/23/07 HEARING DATE ASSIGNED | 08/29/07 1731 | | |
| 08/29/07 DEFENDANT IN CUSTODY | 00/00/00 | | |
| OBBISH JAMES M. | | | |
| 08/29/07 DEFENDANT NOT IN COURT | 00/00/00 | | |
| OBBISH JAMES M. | | | |
| 08/29/07 MOTION DEFT - CONTINUANCE - MD | 12/05/07 | | |
| OBBISH JAMES M. | | | |
| 08/29/07 DEFENDANT NOT IN COURT | 00/00/00 | | |
| DARCY, DANIEL P. | | | |
| 08/29/07 SPECIAL ORDER | 00/00/00 | | |
| ON CALL IN ERROR THIS CASE BELONG TO JUDGE OBBISH ROOM 301. | | | |
| DARCY, DANIEL P. | | | |
| 12/05/07 DEFENDANT IN CUSTODY | 00/00/00 | | |
| OBBISH JAMES M. | | | |
| 12/05/07 PRISONER DATA SHEET TO ISSUE | 00/00/00 | | |
| OBBISH JAMES M. | | | |
| 12/05/07 MOTION DEFT - CONTINUANCE - MD | 03/27/08 | | |
| OBBISH JAMES M. | | | |



I hereby certify that the foregoing has
been entered of record on the above
captioned case.
Date 12/13/07

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT OF COOK COUNTY