

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

United States of America ex rel. )
   **RAMON HAMILTON**, )
      Petitioner, )
       )
      -vs- ) Case No. 07 C 6539
       )
**JOSEPH LOFTUS**, Warden, )
Danville Correctional Center, )
      Respondent. )
       )

## NOTICE OF FILING

F I L E D
Mar 3, 2008
MAR 3 2008 MB

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

TO:   Ass't States Attorney
      Eldad Z. Malamuth #6275421
      100 W. Randolph Street
      12th Floor
      Chicago, IL. 60601

    **PLEASE TAKE NOTICE THAT** on February 26TH 2008, I will cause to be filed the attached **PETITIONER'S MOTION IN OPPOSITION TO RESPONDENT'S MOTION TO DISMISS** with the Prisoner Correspondence, Clerk's Office, U.S. District Court, 219 S. Dearborn Street, Chicago, IL. 60604, attached hereto and served upon you.

RAMON HAMILTON
Reg. No.#K52246
Danville Corr. Cen.
3820 E. Main Street
Danville, IL. 61834

_R. Hamilton_
RAMON HAMILTON

## CERTIFICATE OF SERVICE

    I, RAMON HAMILTON - Pro se Petitioner certifies that I have caused the attached notice to be served on the persons to whom it is directed at the addresses indicated below their name by depositing the above-mentioned documents in the U.S. Postal Service Mail at Danville Corr. Cen., postage prepaid for mailing on this ___26TH___ day of February 2008.

**SWORN AS TRUE UNDER PENALTY OF PERJURY
      TITLE 28 U.S.C. § 1746.**

Respectfully Submitted,

_R. Hamilton_
RAMON HAMILTON

Original



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States of America ex rel.<br>**RAMON HAMILTON**,<br>Petitioner,<br><br>-vs-<br><br>**JOSEPH LOFTUS**, Warden,<br>Danville Correctional Center,<br>Respondent. | Case No.  07 C 6539<br><br>**F I L E D**<br>Mar 3, 2008<br>MAR  3 2008<br>MICHAEL W. DOBBINS<br>CLERK, U.S. DISTRICT COURT<br><br>The Honorable<br>**JOAN B. GOTTSCHALL**,<br>Judge Presiding. |

## PETITIONER'S MOTION IN OPPOSITION TO RESPONDENT'S MOTION TO DISMISS

Now comes the Petitioner, RAMON HAMILTON, by and through himself, Pro se, and hereby moves this Honorable Court to enter an Order denying Respondent's Motion to Dismiss and to hear Petitioner's Petition for Writ of Habeas Corpus on the merits.

In support thereof, Petitioner states as follows:

1.   In its Motion to Dismiss, the State argues that "the period in which Petitioner could file a Section 2254 petition had expired by the time Petitioner filed his State collateral attack and the petition is untimely on this basis" **(State's Motion at 11)**.

2.   Pursuant to the Antiterrorism and Effective Death Penalty Act **(AEDPA)**, a prisoner may only file a federal habeas petition within one-year from the conclusion of State direct review. 28 U.S.C. § 2244(d)(1); **Pliler v. Ford**, 542 U.S. 225, 230, 124 S.Ct. 2441, 159 L.Ed.2s 338 (2004). This limitation

1.

period is tolled when a prisoner is trying to pursue State post-conviction remedies. **Nino v. Galaza**, 183 F.3d 1005, 1006 (9th Cir. 1999); see also **28 U.S.C.§ 2244(d)(2)**(stating that the limitations period does not run while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending).

3. Under Illinois law, Petitioner had three-years from the date his conviction became final to file a petition for post-conviction relief. During the relevant time frame, Section 122-1(c) of the Illinois Post-Conviction Hearing Act provided, in pertinent part: "No proceeding under this Article shall be commenced more than ********three-years from the date of conviction." **725 ILCS 5/122-1(c)(West 1995)**; see also **People v. Turner**, 337 Ill.App.3d 80, 271 Ill.Dec. 685, 785 N.E.2d 879, 884(Ill.App. 1st Dist. 2003), citing **People v. Bates**, 124 Ill. 2d 81, 84-86, 124 Ill.Dec. 407, 529 N.E.2d 227 (1988).

4. Petitioner pled guilty and was sentenced on August 21,1995 **(Pet. at 2; Exh. A at 1; Exh. B at 3-4)**. Thus, Petitioner's conviction became final on Septemeber 20,1995, or after expiration of the thirty-day period within which he could have filed a motion to withdraw his plea. See **Soto v. Liebach**, 2004 WL 2222267, at *2 (N.D. Ill. 2004)(where Petitioner does not move to withdraw guilty plea and does not appeal, conviction in state court becomes "final" upon ewxpiration of the time for moving in trial court to withdraw the guilty plea); see also 28

U.S.C. § 2244(d)(1)(A).

5.  Since Petitioner's conviction became final on the date of September 20,1995, under the applicable statute **(725 ILCS 5/122-1(c)(West 1995))**, pertinent to the issue in question, Petitioner had until September 20,1998, in which to file an application for post-conviction relief.

6.  On June 18,1998, Petitioner filed an aplication for post-conviction relief **(Pet. at 3-4; Exh. A at 1, 3-5; Exh. B at 4)**. The circuit court summarily dismissed the post-conviction petition on July 7,1998 **(Pet. at 4; Exh. A at 1, 5; Exh. B at 4)**. Petitioner timely appealed and on September 6,2000, the State appellate court reversed and remanded with instructions for the circuit court to appoint counsel and to hold further proceedings **(Pet. Memo. in Support at 2; Exh. A at 9-10; Exh. B at 5)**.

7.  A reading of the record in this case demonstrates that the AEDPA's one-year limitations period never started to run because Petitioner filed his post-conviction petition within three-years from the date his conviction became final, which tolled the AEDPA's one-year limitation period.

8.  In its Motion to Dismiss, the State further argues that "Petitioner has not pled facts that demonstrate extraordinary circumstances outside of his control that prevented the timely filing of a habeas petition despite the exercise of reasonable diligence, so there are no grounds for eqitable

3.

tolling" (State's Motion at 13).

9.   Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. See, e.g. **Irwin v. Department of Veterans Affairs**, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).

10.  During Petitioner's appeal for the summary dismissal of his post-conviction petition, Petitioner raised two arguments in his appellate brief that were beyond the scope of contentions raised in his post-conviction petition. The arguments that were absent from Petitioner's original petition, but raised in his appellate brief involved the adequacy of the trial court's admonishments under Supreme Court Rule 402 **(134 Ill. 2d R. 402)(** Petitioner also argued that he did not knowingly and intelligently plead guilty because the trial court did not admonish him regarding a three-year period of Mandatory Supervised Release after completion of his sentence **(Appellate Court Order - No. 1-98-3114, Pages 6-7)**.

11.  Petitioner concedes as the State contends thatt"equitable tolling excuses an untimely filing when, despite exercising reasonable diligence, a Petitioner could not have learned the information he needed in order to file on time". **Jones v. Hulick**, 449 F.3d 784, 789 **(State's Motion at 13)**.

12.  One of the issues raised in the appellate court, Peti-

4.

tioner's amended petition for post-conviction relief and, habeas corpus petition is one based on **People v. Whitfield**, 217 Ill.2d 177, 298 Ill.Dec. 545, 840 N.E.2d 658 (Ill. 2005), which was not decided until December 20,2005. As a consequence, Petitioner could not have discovered, by exercising due diligence, the factual predicate of his claim for breach of plea agreement on June 18,1998, when he filed his post-conviction petition.

13. Prior to the issuance of the **Whitfield** decision, caselaw regarding the Mandatory Supervised Release issue alleged herein was unfavorable to Petitioner's cause. Indeed, prior to December 20,2005, the law was such that a due process violation was not established because defendants were required to raise a "good-faith argument" that he would not have pled guilty had he been made aware of the Mandatory Supervised Release term. **People v. Smith**, 285 Ill.App.3d 666, 676 N.E.2d 224 (1st Dist. 1996).

14. In **Smith**, the court held that a due process violation is shown only if (1) the record discloses the court informed the petitioner he would receive a specific sentence of incarceration upon a guilty plea; (2) the trial court sentenced petitioner to a term greater than the agreed term, taking into account and including the period of Mandatory Supervised Release; and (3) petitioner raises a good-faith argument he would not have pled guilty if he had been fully and correctly informed by the court of his

5.

potential sentence. **Smith**, 285 Ill.App.3d 666, 676 N.E.2d 224.

15.   The **Smith** court relied on **United States ex rel. Williams v. Morris**, 633 F.2d 71 (7th Cir. 1980), vacated as moot, 455 U.S. 624, 71 L.Ed.2d 508, 102 S.Ct. 1322 (1982), and **United States ex rel. Baker v. Finkbeiner**, 551 F.2d 180 (7th Cir. 1977), as legal support for the three-pronged test it promulgated.

16.   Thus, Petitioner is entitled to equitable tolling because he has pled facts that demonstrate extraordinary circumstances outside of his control that prevented the timely filing of a habeas petition despite the exercise of reasonable diligence.

17.   With respect to paragraph fourteen (14) of the State's Motion to Dismiss, a review of the law relied upon and the factual assertions made by the State in its Motion to Dismiss would demonstrate that its position is totally incorrect. Contrary to the State's argument, Petitioner will not address it because of its absurdity and he believes that the argument with regard to that issue in paragraph fourteen (14) of the State's Motion to Dismiss is adequately addressed in this Motion and Petitioner's Petition for Writ of Habeas Corpus and accompanying Memorandum of Law.

## C O N C L U S I O N

For the foregoing reasons, Petitioner respectfully request that this honorable Court deny with prejudice the Respondent's Motion to Dismiss and Order the Respondent's to answer Petitioner's

Petition for Writ of Habeas Corpus.

Signed and executed on this 26TH day of February 2008

Respectfully Submitted,

*R. Hamilton*

RAMON HAMILTON
Reg. No.#K-52246
Danville Corr. Cen.
3820 E. Main Street
Danville, IL. 61834

No.1-98-3114

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No.   94 CR 25761 |
| | ) | |
| RAMON HAMILTON, | ) | Honorable |
| | ) | Henry R. Simmons, Jr., |
| Defendant-Appellant. | ) | Judge Presiding. |

### ORDER

Having examined the record and after reviewing the briefs, this Court being of the opinion that oral argument is not necessary;

**IT IS HEREBY ORDERED**, pursuant to Supreme Court Rule 352(a), as amended, this case is taken for consideration without oral argument.
Entered:

_____
Justice

_____
Justice

_____
Justice

SIXTH DIVISION
July 28, 2000

No. 1-98-3114

NOTICE
The text of this order may be changed or corrected prior to the time for filing of a Petition for Rehearing or the disposition of the same.

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 94 CR 25761 |
| | ) | |
| RAYMON HAMILTON, | ) | Honorable |
| | ) | Henry R. Simmons, Jr., |
| Defendant-Appellant. | ) | Judge Presiding. |

O R D E R

Pursuant to a guilty plea, defendant Ramon Hamilton was convicted of first degree murder and attempted armed robbery and was sentenced to 38 years in prison. Defendant filed a *pro se* petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 1998)), and the trial court dismissed the petition without an evidentiary hearing. On appeal, defendant contends his trial counsel was ineffective for failing to advise him of his sentence under the plea agreement and also for failing to interview defendant and ascertain facts that would have supported two potentially meritorious pretrial motions. Defendant also argues that his plea was not knowingly and intelligently entered because the trial court did not admonish him as to the three-year period of mandatory supervised release upon completion of his sentence.

1-98-3114

    The State presented the following factual basis for defendant's plea. On September 27, 1994, Bernard Jackson was working at a tire shop at 85" Street and Racine Avenue in Chicago. Jackson was repairing a vehicle belonging to Corey Lamb, who was at the shop. At about 7 p.m., codefendant Willie Pole entered the shop and spoke to Lamb and another man. Pole later passed the shop in a car and displayed gang signs toward Lamb. A shot was fired that struck Jackson, who later died. Police apprehended Pole and proceeded to defendant's house. There, defendant showed the officers a gun that Pole had told defendant's sister to hide.

    Defendant, who was 15 years old at the time, gave a written statement to a detective and a prosecutor in the presence of his mother after being advised of his <u>Miranda</u> rights. Defendant said he and Pole were members of the Blackstones street gang. Pole arrived at defendant's house that evening and asked for a gun, and defendant gave him a loaded pistol. Pole said he needed the weapon because he was going to the tire shop to take jewelry from members of the Disciples gang.

    Defendant and Pole went to the shop separately, with defendant in a gray Buick and Pole in a white Escort. They drove past the shop and flashed gang signs. Defendant and Pole then parked their cars, and Pole asked defendant to release the safety lock on the gun, which defendant did. They approached the shop, and Pole fired the gun at the Disciples. They fled after one person was hit. After being told that Pole had given the gun to

1-98-3114

defendant's sister, defendant retrieved the gun from her and hid it outside his house.

In court, defendant's attorney told the judge that his client wanted to accept the offered 38-year sentence. The trial court asked defendant if he was ready to plead guilty at that time, and defendant replied, "No, sir." The case was passed and recalled, at which time defendant pleaded guilty to the first degree murder of Jackson and the attempted armed robbery of Lamb. Defendant indicated that he understood the nature of both charges, his pleas were given freely and he was not forced or threatened to plead guilty. The trial court admonished defendant that the law provided for a sentence of 20 to 60 years for murder and 4 to 15 years for attempted robbery. Defendant indicated that he wished to plead guilty and understood that the sentences could be consecutive. Defendant stated that he agreed with the factual basis, and the trial court accepted defendant's plea as voluntary. The court imposed a 38-year sentence for murder and a concurrent 15-year sentence for attempted armed robbery.

Defendant filed a pro se post-conviction petition, alleging that his constitutional rights were violated when police officers entered his home on the night of the shooting without consent or a search warrant. Defendant also alleged that his statement to police was involuntary. He alleged that his mother and sister accompanied him to the police station and that he and his sister were told they could only leave if they signed a statement implicating Pole. Defendant stated that he signed the statement,

- 3 -

1-98-3114

but police continued to question him and eventually charged him with the crime. Defendant also alleged that he was not adequately informed of his <u>Miranda</u> rights because he lacked the intelligence to comprehend them. In addition, defendant asserted that even if his waiver of his rights was voluntary, the fact that he was promised a reward for his statement rendered the statement involuntary.

Accompanying defendant's petition were affidavits from his mother, Bonnie Hamilton Reese, and his sister, Andrea Hamilton. Reese stated in her affidavit that police pushed their way into her house at about 7:50 p.m. on the night of the shooting and asked if Pole had left a package or gun there. The officers stated that if a gun or package was found "everybody was going to jail" and also told defendant that Pole had said defendant was the shooter. At the police station, defendant and Reese were told that "the only way to go home was if [defendant] signed a statement saying he saw Willie Pole shoot at someone" and for Hamilton to sign a statement saying Pole had given her the weapon. Reese's affidavit stated that she told defendant and Hamilton to sign the statements.

Hamilton stated in her affidavit that police entered their residence by force on the night of the shooting. Hamilton said she told them that defendant had a gun in the back of the house because she was afraid she would go to jail.

Defendant's post-conviction petition also included two allegations of ineffective assistance of counsel. Defendant

1-98-3114

stated that his trial counsel "lacked a real interest or concern in the case," interviewing him once during his representation and failing to discuss legal defense, strategy or the facts of the case with defendant. Defendant also alleged that his trial counsel was ineffective in advising him to plead guilty in exchange for a 25-year sentence, when defendant learned after entering his plea that he would receive a 38-year sentence. Defendant asserted that he would not have agreed to plead guilty had he known he would be sentenced to 38 years. Defendant alleged that his attorney was not interested in defending him and therefore misled him into entering a guilty plea. The trial court dismissed defendant's petition without an evidentiary hearing, finding it frivolous and patently without merit. This appeal followed.

A post-conviction action is a collateral attack on a prior conviction and sentence. People v. West, 187 Ill. 2d 418, 425 (1999). Therefore, the remedy "is not a substitute for, or an addendum to, direct appeal." West, 187 Ill. 2d at 425, quoting People v. Kokoraleis, 159 Ill. 2d 325, 328 (1994). The scope of a post-conviction proceeding is limited to constitutional matters that were not or could not have been previously adjudicated. West, 187 Ill. 2d at 425. We note that defendant did not directly appeal his convictions to this court. However, he has not waived his right to proceed under the Act by failing to file a post-trial motion or a direct appeal, as remedies under the Act are not contingent upon the exhaustion of any other remedy. See

1-98-3114

People v. Rose, 43 Ill. 2d 273, 279 (1969); People v. Tripp, 248 Ill. App. 3d 706, 711 (1993). Therefore, despite the absence of a direct appeal, we may review the constitutional claims raised in defendant's post-conviction petition.

A defendant who raises post-conviction claims is entitled to an evidentiary hearing pertaining to those claims if the allegations set forth in the petition, as supported by the trial record and accompanying affidavits, make a substantial showing of a constitutional violation. West, 187 Ill. 2d at 425. In making that determination, all well-pleaded facts in the petition and affidavits are taken as true; however, nonfactual and nonspecific assertions that are merely conclusory are insufficient to require a hearing under the Act. West, 187 Ill. 2d at 425-26. The dismissal of the petition is warranted only when its allegations of fact, liberally construed in the petitioner's favor and in light of the original trial record, fail to make a substantial showing of a constitutional violation. West, 187 Ill. 2d at 426. The standard of review of a post-conviction petition dismissed without an evidentiary hearing is de novo. People v. Coleman, 183 Ill. 2d 366, 389 (1998).

We initially observe that defendant raises arguments in his appellate brief that are beyond the scope of the contentions included in his post-conviction petition. One argument absent from defendant's petition but raised here involves the adequacy of the trial court's admonishments under Supreme Court Rule 402 (134 Ill. 2d R. 402). Defendant also argues that he did not

- 6 -

1-98-3114

knowingly and intelligently plead guilty because the trial court did not admonish him regarding a three-year period of mandatory supervised release after completion of his sentence. Claims not raised in a defendant's original or amended petition are waived. 725 ILCS 5/122-3 (West 1998); see also People v. Jones, No. 83756, slip op. at 2 (Ill. June 15, 2000); People v. Flores, 153 Ill. 2d 264, 274 (1992).

Defendant acknowledges on appeal that his post-conviction petition did not include these allegations. However, regarding the trial court's failure to admonish him as to the three-year period of mandatory supervised release, defendant contends that the omission of that assertion from his post-conviction petition should not defeat his claim because the waiver doctrine does not apply where the error involves the complete absence of a required admonishment involving a defendant's sentence. We agree. People v. Weakley, 45 Ill. 2d 549, 552-53 (1970).

In Weakley, the Illinois Supreme Court considered and decided the issue of defective admonishments regarding sentencing even though the defendant's post-conviction petitioner did not state that specific allegation. Weakley, 45 Ill. 2d 549 (reversing dismissal of defendant's post-conviction petition). In addition, the Illinois Supreme Court held that the law of waiver, which generally applies to a plea of guilty, should not operate to bar the issue of improper admonishments from a post-conviction petition. People v. Evans, 37 Ill. 2d 27, 32 (1967). The court reasoned that where the admonishments were defective,

1-98-3114

the "defendant could not have 'knowingly' and 'intelligently' waived his constitutional rights." Evans, 37 Ill. 2d at 32 (reversing dismissal of defendant's post-conviction petition where defendant alleged that the trial court's admonishments regarding sentencing were improper). Moreover, this court can review defendant's claim under the doctrine of fundamental fairness. See, e.g., People v. Davis, 156 Ill. 2d 149, 158 (1993).

Defendant cannot be said to have entered his guilty plea knowingly and intelligently if the trial court did not mention to him at the time of his plea that he would be subject to a term of mandatory supervised release. See People v. Kull, 171 Ill. App. 3d 496, 498 (1988), citing People v. Louderback, 137 Ill. App. 3d 432, 436 (1985). In Kull, this court reasoned that "[s]ubstantial rights are affected when a defendant agrees to a sentence of 22 years, but actually, unknowingly, receives a penalty involving 25 years." Kull, 171 Ill. App. 3d at 500. Our review of the record of the plea proceedings indisputably reveals, and the State concedes, that the trial court did not inform defendant of the three-year period of mandatory supervised release that would follow his sentence.

To overcome the admittedly defective admonishment by the trial court, the State astonishingly contends that "[t]he record shows beyond question that petitioner knew the terms of his sentence, despite his claim to the contrary, because he was at the [plea] conference on June 8, 1995." Quite simply, the

1-98-3114

contents of the plea conference are not a part of the record. In considering a post-conviction claim, unknown statements made during an off-the-record conference cannot contradict known statements made on the record. See People v. Ramirez, 162 Ill. 2d 235, 240-46 (1994) (dismissal was proper where the trial court relied on the contents of the record to refute defendant's petition).

The State correctly observes that a trial court's failure to admonish a defendant about mandatory supervised release does not automatically constitute a constitutional due process violation. People v. Wills, 61 Ill. 2d 105 (1975). However, insufficient admonishments by the trial court prior to a defendant's guilty plea are a factor that must be considered in determining whether the guilty plea was voluntarily and intelligently made. People v. Smith, 285 Ill. App. 3d 666, 669 (1996), citing Wills, 61 Ill. 2d at 111. In Smith, this court vacated the defendant's guilty plea and reversed the trial court's dismissal of the defendant's petition for post-conviction relief where the trial court had failed to mention mandatory supervised release during its admonishments to the defendant. Smith, 285 Ill. App. 3d at 667; see also People v. Day, 311 Ill. App. 3d 271 (2000) (defendant's negotiated guilty plea vacated where trial court's admonishments were insufficient, particularly where court failed to advise defendant of three-year mandatory supervised release attached to his sentence).

For the purpose of withstanding a summary dismissal of a

1-98-3114

post-conviction petition, we find that defendant has sufficiently raised the gist of a meritorious constitutional claim based on the trial court's undisputed failure to admonish him regarding the three-year period of mandatory supervised release that would follow his sentence. Accordingly, we reverse the trial court's summary dismissal of defendant's pro se post-conviction petition and remand for the appointment of counsel and for further proceedings under the Act. In light of our resolution of this issue, we need not address the remaining allegations in defendant's petition.

    Reversed and remanded.

    O'BRIEN, J., with ZWICK, P.J., and BUCKLEY, J., concurring.



RECEIVED / Office of the State Appellate Defender / 1st DISTRICT