IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America ex rel.<br>  RAMON HAMILTON,<br><br>             Petitioner,<br><br>         v.<br><br>JOSEPH LOFTUS, Warden,<br>  Danville Correctional Center,<br><br>             Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br><br><br>No. 07 C 6539<br><br><br>The Honorable<br>Joan B. Gottschall,<br>Judge Presiding. |

## REPLY TO RESPONSE TO MOTION TO DISMISS

Pursuant to this Court's February 7, 2008 Order (Doc. 16), respondent files this reply to petitioner's response (Doc. 18) to respondent's motion to dismiss (Doc. 13). Petitioner raises two arguments, to which respondent replies as follows:.

**A.   The Time Within Which Petitioner Could Have But Had Not Yet Filed A State Postconviction Petition Was Not Tolled Under AEDPA.**

1.   Petitioner argues that after his conviction became final, he had three years under state law in which to file a state postconviction petition, and "AEDPA's one-year statute of limitations period never started to run because Petitioner filed his post-conviction petition within three years from the date his conviction became final, which tolled the AEDPA's one-year limitations period." Response ¶ 7. Petitioner's argument reflects a misunderstanding of the operation of AEDPA's statute of limitations. As discussed in respondent's motion to dismiss, petitioner

had no postconviction action pending in state court from April 24, 1996, when the limitations period in the instant case began running, to June 18, 1998, when he finally filed a postconviction petition in the Circuit Court of Cook County. *See* Motion ¶¶ 2-3, 10-11. While petitioner's postconviction petition may have been timely and properly filed under state law, it was too late to have any tolling effect under Section 2244(d)(2), because the limitations period had already expired on April 24, 1997. *See* 28 U.S.C. §§ 2244(d)(1)(A), (d)(2).

    2.    In other words, because AEDPA's statute of limitations became effective April 24, 1996, petitioner had a one-year grace period running through April 24, 1997 in which to file (a) a habeas petition or (b) a state postconviction petition, which would toll the limitations period. *See* 28 U.S.C. §§ 2244(d)(1)(A), 2244(d)(2); Motion ¶ 10. Petitioner did neither.

    3.    The state statute of limitations for filing a state postconviction petition, here, three years, does not alter the length of the limitations period for federal habeas review. *See Graham v. Borgen*, 483 F.3d 475, 482 (7th Cir. 2007). In *Graham*, the petitioner filed a timely state collateral attack after the expiration of AEDPA's one-year grace period, but it was of no consequence because the limitations period had already expired. *Id.* at 483. Thus, the Seventh Circuit held that because the petitioner "did not have a properly filed application for collateral review pending at any time between the time when his judgment became final and April 24, 1997," his state collateral attack "had no tolling effect whatsoever on the

AEDPA statute of limitations." *Id.* *Graham* controls the instant case, and requires that petitioner's habeas petition be dismissed as untimely.

4. Petitioner did not have a collateral attack that was filed or pending while AEDPA's limitations period ran from April 24, 1996 to April 24, 1997, and his eventual June 1998 postconviction petition did not toll or restart the limitations period. *See Teas v. Endicott*, 494 F.3d 580, 582-83 (7th Cir. 2007) (one-year limitations period expired before petitioner even filed state collateral attack, which did not restart clock); *Graham*, 483 F.3d at 482-83. Therefore, the instant habeas petition is untimely and should be dismissed.

### B. A State Court Decision Does Not Provide The Basis For A Later Limitations Period Or Equitable Tolling.

5. Petitioner next contends that he is entitled to equitable tolling because one of his claims is based on a 2005 Illinois Supreme Court decision. Response ¶ 12 (citing *People v. Whitfield*, 840 N.E.2d 658 (Ill. 2005)). According to petitioner, before *Whitfield* he could not have raised his arguments that the trial court's admonishments with respect to Mandatory Supervised Release were inadequate or that he did not knowingly enter into his guilty plea. Response ¶¶ 10-13. Therefore, he "could not have discovered, by exercising due diligence, the factual predicate of his claim for breach of plea agreement on June 18, 1998, when he filed his [state] post-conviction petition." Response ¶ 12.

6. But petitioner is not entitled to equitable tolling or a later limitations period. Section 2244(d)(1)(D) allows a petitioner to file a habeas petition within one

year of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).  Here, the facts could have been discovered during petitioner's conviction became final.  The factual predicate of petitioner's claims is the trial court's admonishments, which occurred before his guilty plea.  AEDPA's limitations period begins to run "when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." *Owens v. Boyd*, 235 F.3d 356, 59 (7th Cir. 2000); *see also Escamilla v. Jungwirth*, 426 F.3d 868, 871 (7th Cir. 2005).  In *Escamilla*, the Seventh Circuit rejected the petitioner's argument that he was entitled to one year to file from the day he discovered evidence that corroborated his claim the police coerced his statement: "The 'claim' is that the statement had been coerced; the 'factual predicate' for that claim is what happened to [the petitioner] himself (as opposed to other suspects). [The petitioner] knew before his trial how the detectives had treated him." *Id.*  The factual predicate in this case — the trial court's admonishments — took place before the conviction became final, and therefore Section 2244(d)(1)(D) does not provide a later limitations period than Section 2244(d)(1)(A).

      7.     Similarly, Section 2244(d)(1)(C) governs when newly released cases are relevant for an AEDPA statute of limitations inquiry; it allows a petitioner to seek habeas relief within one year from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on

collateral review." 28 U.S.C. § 2244(d)(1)(C). In this case, there is no decision by the United States Supreme Court and no newly recognized right that might have triggered Section 2244(d)(1)(C) — the court in *Whitfield* relied on a state court rule and a 1971 United States Supreme Court case. *See* 840 N.E.2d at 666, 673 (citing *Santobello v. New York*, 404 U.S. 257 (1971) and Ill. Sup. Ct. R. 402(a)).

8.　　Thus, any federal rights underlying *Whitfield* were recognized long before petitioner's conviction became final, and petitioner could have invoked *Santobello* insofar as it was relevant to his case. Further, a claim regarding a state court rule is not cognizable in federal habeas review. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States"); *Perruquet v. Briley*, 390 F.3d 505, 511 (7th Cir. 2004) ("The remedial power of a federal habeas court is limited to violations of the petitioner's federal rights, so only if a state court's errors have deprived the petitioner of a right under federal law can the federal court intervene.").

9.　　Thus, *Whitfield* does not present a basis for applying the limitations period of Section 2244(d)(1)(C); it was not a United States Supreme Court case; it relied on state law grounds not cognizable in this proceeding; and it involved federal rights recognized previously.

10.　　The Seventh Circuit has rejected arguments nearly identical to petitioner's. *See Lo v. Endicott*, 506 F.3d 572 (2007). In *Lo*, years after the

petitioner's conviction became final, the Wisconsin Supreme Court modified the standard for self-defense and invalidated a jury instruction that had been used at the petitioner's trial. *Id.* at 573-74. The petitioner argued that the decision (1) "constituted a new 'factual predicate' under § 2244(d)(1)(D), thereby triggering a new one-year limitations period," and (2) provided a basis for equitable tolling because the petitioner "could not have possibly discovered the basis for his federal claim until after the . . . decision." *Id.* at 574, 576. The Seventh Circuit rejected both arguments. *Id.* at 574-76.

11. The state court decision was not "a 'factual predicate' within the meaning of § 2244(d)(1)(D)" because it "was not a fact within [the petitioner's] own litigation history that changed his legal status." *Id.* at 575. "Moreover, adopting [the petitioner's ] argument would render the limitations in § 2244(d)(1)(C) meaningless." *Id.* "Section 2244(d)(1)(C), the primary vehicle through which court decisions restart the limitations period, provides that the decision must involve a constitutional right recognized by the Supreme Court." *Id.* at 575-76. "To suggest . . . that any decision by any court on any issue could constitute a 'factual predicate' would swallow up the specifically delineated limitations in § 2244(d)(1)(C)." *Id.* at 576.

12. Finally, equitable tolling was not warranted in *Lo*. *Id*. First, a change in substantive state law does not constitute "an 'extraordinary circumstance' that warrants equitable tolling." *Id.* Second, applying equitable tolling to this situation

would "conflict with the express tolling provisions of § 2244(d)," and it would be improper to "usurp the congressionally mandated limits on habeas petitions." *Id.*

13.  Under Seventh Circuit precedent, the Illinois Supreme Court's decision in *Whitfield* was not a 'factual predicate' that could trigger a new limitations period or a basis for equitable estoppel.  506 F.3d at 574-76.  Petitioner's habeas petition is untimely and should be dismissed.

## CONCLUSION

For the foregoing reasons, and for the reasons previously set forth by respondent in his motion to dismiss, this Court should dismiss with prejudice petitioner's petition for writ of habeas corpus because it is time-barred under 28 U.S.C. § 2244(d)(1).

March 14, 2007

Respectfully submitted,

LISA MADIGAN
Attorney General of Illinois

By:   s/ Eldad Z. Malamuth
ELDAD Z. MALAMUTH, Bar # 6275421
Assistant Attorney General
100 West Randolph Street, 12th Floor
Chicago, Illinois 60601-3218
TELEPHONE:  (312) 814-2235
FAX:  (312) 814-2253
E-MAIL: emalamuth@atg.state.il.us

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 14, 2007, I presented the attached **REPLY TO RESPONSE TO MOTION TO DISMISS** to the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF system, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participant:

Ramon Hamilton
K52246
Danville Correctional Center
3820 East Main Street
Danville, Illinois 61834.


                                                LISA MADIGAN
                                                Attorney General of Illinois

By:    s/ Eldad Z. Malamuth
         ELDAD Z. MALAMUTH, Bar # 6275421
         Assistant Attorney General
         100 West Randolph Street, 12th Floor
         Chicago, Illinois 60601-3218
         TELEPHONE: (312) 814-2235
         FAX: (312) 814-2253
         E-MAIL: emalamuth@atg.state.il.us