UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. RAMON HAMILTON, | ) ) ) | |
| Petitioner, | ) ) | Case No. 07 C 6539 |
| v. | ) ) | |
| JOSEPH LOFTUS, Warden, | ) ) ) | Judge Joan B. Gottschall |
| Respondent. | ) | |

## ORDER

On August 21, 1995, pursuant to a plea agreement, petitioner Ramon Hamilton pled guilty in the Circuit Court of Cook County to first-degree murder and attempted armed robbery. On that day, he was sentenced to 38 years in prison, and he did not file a direct appeal. On June 18, 1998, petitioner filed a state postconviction petition. The trial court summarily dismissed the petition on July 7, 1998. Petitioner appealed and, on September 6, 2000, the state appellate court reversed and remanded for further proceedings. A Certified Statement of Conviction/Disposition shows no activity in the state case between September 2000 and January 2007. On January 30, 2007, a special order was issued requesting that the mandate be processed properly, and proceedings resumed. On July 23, 2007, petitioner amended his postconviction petition and also filed a motion for writ of habeas corpus under 735 ILCS 5/10-101, *et seq*. Petitioner's state postconviction petition and habeas proceedings remain active. On November 19, 2007, petitioner filed his federal habeas petition under 28 U.S.C. § 2254, arguing that his due process rights were violated because the sentencing judge failed to inform petitioner (who had entered into a plea agreement) that a period of Mandatory Supervised Release ("MSR") would be imposed to his 38 year sentence. Respondent has moved to dismiss the petition as untimely.

Congress has established a one-year limitations period governing motions for collateral relief under 28 U.S.C. § 2254. The limitations period runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

Because petitioner did not file a direct appeal, his "judgment of conviction" became final thirty days after he was sentenced, or September 20, 1995. Because petitioner's conviction became final prior to April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA") and its one-year statute of limitations, petitioner was given a one-year grace period from AEDPA's effective date within which to file his federal habeas action. *Araujo v. Chandler*, 435 F.3d 678, 680 (7th Cir. 2005). Thus, petitioner's Section 2254 petition was due on or before April 24, 1997. *Id.* While it is true that the pendency of state postconviction petitions tolls AEDPA's statute of limitations, 28 U.S.C. § 2244(d)(2), that fact does not help petitioner in this case as his grace period for filing his federal habeas petition expired even before he filed his state postconviction petition. In addition, petitioner's assertion that AEDPA's statute of limitations did not start to run until after his state postconviction petition concluded is simply not the law. Because petitioner did not file his state postconviction petition until June 18, 1998, there was nothing, between April 24, 1996 and April 24, 1997, to toll AEDPA's statute of limitations. *See Teas v.*

*Endicott*, 494 F.3d 580, 582-83 (7th Cir. 2007) (one-year limitations period expired before petitioner even filed collateral attack).

Unless petitioner can show that one of the other starting points listed in 28 U.S.C. § 2244(d)(1) applies here, his petition is untimely. To that end, petitioner argues that his one year period should start in 2005 because one of his claims is based on the holding in *People v. Whitfield*, 840 N.E.2d 658 (Ill. 2005). According to petitioner, before *Whitfield*, he could not have raised his arguments that the trial court's admonishments with respect to MSR were inadequate or that he did not knowingly enter into his guilty plea. Petitioner states that he "could not have discovered, by exercising due diligence, the factual predicate of his claim for breach of plea agreement on June 18, 1998, when he filed his postconviction petition."

It appears that petitioner is attempting to rely on 28 U.S.C. §2244(d)(1)(D) which starts the one-year limitations period running from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." This starting point is not available to petitioner. Section 2244(d)(1) allows a petitioner to start the one-year period from the date that he learns of the factual – not legal – predicate of his claim. AEDPA's limitations period begins to run "when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000). Here, petitioner knew the facts surrounding his plea agreement since the day he entered into it and was sentenced. He is basically arguing that a new statement of law, issued by the Illinois Supreme Court, should allow him extra time to file his federal habeas petition. Unfortunately for petitioner, only a United States Supreme Court case (which may be applied retroactively) allows a petitioner to take advantage of a new statement of law. *See generally Lo v.*

3

*Endicott*, 506 F.3d 572 (7th Cir. 2007) (rejecting argument that new standard for self-defense from Wisconsin Supreme Court constituted new "factual predicate").[1]

Finally, the court notes that even if petitioner were somehow able to avoid the timeliness problem, his argument concerning MSR has already been rejected by the Seventh Circuit. *Lockhart v. Chandler*, 446 F.3d 721 (7th Cir. 2006) (holding that petitioner did not have federal due process right to be notified prior to his plea that a mandatory three-year term of supervised release would be appended to his sentence).

## Conclusion

For all the reasons explained above, respondent's motion to dismiss is granted.

ENTER:

_____/s/_____
JOAN B. GOTTSCHALL
United States District Judge

DATED:  May 16, 2008

---

[1] Nor does a new statement of law from the state supreme court warrant equitable tolling. The Seventh Circuit in *Lo* made clear that a change in substantive state law does not constitute "an 'extraordinary circumstance' that warrants equitable tolling." 506 F.3d at 576.